UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN T. CARIDAD,<br><br>    Petitioner,<br><br>    v.<br><br>CARLOS LUNA,<br><br>    Respondent. | No. 2:13-cv-0999 AC P<br><br><br>ORDER |

Petitioner, who is confined pursuant to a mentally disordered offender commitment order, seeks relief pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned. ECF Nos. 6, 10. Currently pending before the court is respondent's unopposed motion to dismiss the petition based on Younger abstention grounds as well as on grounds that the habeas petition is premature. See ECF No. 11; see also Younger v. Harris, 401 U.S. 37 (1971). On September 20, 2013, petitioner was warned that his failure to oppose the motion to dismiss would be deemed consent to granting the motion. ECF No. 15. By the same order, petitioner was afforded an additional thirty days to file an opposition to the motion. Id. Petitioner has failed to comply with the court's order and has filed neither an opposition nor a statement of non-opposition.

The court has reviewed the motion to dismiss and finds that dismissal on Younger abstention grounds is not appropriate because petitioner's direct appeal is no longer pending. See

1 People v. Caridad, No. C070479 (California Court of Appeal November 22, 2013) (electronic
2 docket available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id
3 =2006954&doc_no=C070479).  Furthermore, it appears that petitioner has already been denied
4 state habeas corpus relief by the California Supreme Court.  See In re Benjamin Tabayoyong
5 Caridad, No. S213786 (California Supreme Court January 15, 2014) (electronic docket available
6 at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc _id=2058103&
7 doc_no=S213786).

8 However, in failing to respond to the pending motion and to the court's subsequent order,
9 petitioner has violated the Local Rules about which he has been cautioned.  See Local Rule
10 230(l).  Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure,[1] an action may be
11 dismissed if "the plaintiff fails… to comply with these rules or a court order…."  See also Local
12 Rule 110.  By local rule, the court may impose "any and all sanctions authorized by statute or
13 Rule or within the inherent power of the Court" if a party fails to comply with an order of the
14 court.  Id.  Not only may a district court dismiss upon motion of a defendant, but it may also sua
15 sponte dismiss an action whenever necessary to "achieve the orderly and expeditious disposition
16 of cases."  Link v. Wabash Railroad Co., 370 U.S. 626 (1962).  In light of the warning given to
17 plaintiff and his failure to respond to the court's order, dismissal without prejudice is warranted
18 pursuant to Fed. R. Civ. P. 41(b).  However, this dismissal is not an adjudication of the merits of
19 petitioner's federal habeas corpus application.

20 Accordingly, IT IS HEREBY ORDERED that:
21 1. Petitioner's first amended application for federal habeas corpus relief, ECF No. 4, is
22 hereby dismissed without prejudice for failure to comply with a court order;
23 2. Petitioner's motion to appoint counsel, ECF No. 17, is denied as moot; and
24 ////
25 ////
26 ////
27
28 [1] Under Rule 12 of the Rules Governing § 2254 Proceedings, the Federal Rules of Civil Procedure apply to this habeas action.

3. Respondent's motion to dismiss, ECF No. 11, is also denied as moot.

DATED: March 4, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE